Whitaker, Judge,
dissenting:
I am unable to agree with the majority. Section 455(a) of the Excess Profits Tax Act of 1950 provides that: “Amy taxpayer computing income from instalment sales under the method provided by section 44(a) * * * may elect, in its return for the taxable year, * * * to compute * * * its income from instalment sales or instalment sales obligations on the basis of the taxable period for which such income is ac *532 crued * * *.” (Italics supplied.) The “return for the taxable year”, in the case of a corporation making its return on the basis of a calendar year, is the one the law requires it to file on March 15 following the taxable year. The tax law does not make any provision for amended returns.
Hence, the election must be made when the return for the taxable year is filed. The statute does not confer on the Commissioner the authority to extend the time. He could not have done so directly, nor can he do so indirectly by allowing the filing of the amended return, nor even by assessing the tax shown to be due on the amended return for one of the years.
It must be confessed that the action of the Commissioner, in assessing the tax due on the amended return and denying a refund of the overpayment shown to have been made in subsequent years, was completely inconsistent. However, the Commissioner neither directly nor indirectly can set aside a requirement laid down by Congress. That requirement is that the election be made in the “return for the taxable year”, and there is no escape from the conclusion that Congress was referring to the return that every taxpayer is required to file for the taxable year and not to some amended return not mentioned in the statute but which the Commissioner permitted it to file later on.
FINDINGS OF FACT
The court, having considered the facts as stipulated by the parties, and the briefs of counsel, makes findings of fact as follows:
1. On or about the 14th day of May, 1951, a U.S. Corporation Income Tax Return (Form 1120) and a Computation of U.S. Corporate Excess Profits Tax (Schedule EP, Form 1120), were filed for the calendar year ending December 31, 1950 with the United States Treasury Department Internal Revenue Service at the office of the Collector of Internal Revenue at Detroit, Michigan, on behalf of Daniels Jewelers, Inc., 34 West Michigan Avenue, Battlecreek, Michigan, by Harris, Reames & Ambrose certified public accountants. Said return reflected tax due for the tax year ending December 31,1950, as follows:
*533 Income Tax_$31,267.64
Excess Profits Tax_ 4, 874. 09
Total Tax Due_$36,141.73
Said tax was fully paid in five installments.
2.On or about the 25th day of April, 1952, a U.S. Corporation Income Tax Return (Form 1120) and a Computation of U.S. Corporate Excess Profits Tax (Schedule EP, Form 1120), were filed for the calendar year ending December 31, 1951 with the United States Treasury Department Internal Revenue Service at the office of the Collector of Internal Revenue at Detroit, Michigan, on behalf of Daniels Jewelers, Inc., 34 West Michigan Avenue, Battlecreek, Michigan, by Harris, Reames & Ambrose, certified public accountants. Said return reflected tax due for the tax year ending December 31,1951, as follows:
Income Tax_$53, 098.38
Excess Profits Tax- 17,646.25
Total Tax Due-$70,744.63
Said tax was fully paid in four installments, the last of which was in the amount of $10,611.70 on December 4,1952.
3.On or about the 16th day of March, 1953, a U.S. Corporation Income Tax Return (Form 1120) and a Computation of U.S. Corporate Excess Profits Tax (Schedule EP, Form 1120), were filed for the calendar year ending December 31,1952 with the United States Treasury Department Internal Revenue Service at the office of the Collector of Internal Revenue at Detroit, Michigan, on behalf of Daniels Jewelers, Inc., 34 West Michigan Avenue, Battle-creek, Michigan, by Harris, Reames & Ambrose, certified public accountants. Said return reflected tax due for the tax year ending December 31,1952, as follows:
Income Tax_$43, 006.78
Excess Profits Tax_ 11,589.93
Total Tax Due_$54, 596.71
Said tax was fully paid in four installments.
4.On or about the 14th day of May, 1954, a U.S. Corporation Income Tax Return (Form 1120) and a Computa *534 tion of U.S. Corporate Excess Profits Tax (Schedule EP, Form 1120), were filed for the year ending December 31, 1953 with the United States Treasury Department Internal Bevenue Service at the office of the Collector of Internal Bevenue at Detroit, Michigan, on behalf of Daniels Jewelers, Inc., 34 West Michigan Avenue, Battlecreek, Michigan, by Harris, Keames & Ambrose, certified public accountants. Said return reflected tax due for the tax year ending December 31,1953, as follows:
Income Tax_$48,446.18
Excess Profits Tax- 13,894.28
Total Tax Due_$62, 340.46
Said tax was fully paid in four installments.
5. In each of the said returns referred to in findings 1,2,3 and 4 hereof, plaintiff reported income from installment sales on the basis provided by Section 44(a) of the Internal Bevenue Code of 1939.
6. On or about the 13th day of October, 1955, an Amended U.S. Corporation Income Tax Eetum (Form 1120) and an Amended Computation of U.S. Corporate Excess Profits Tax (Schedule EP, Form 1120), were filed for the calendar year ending December 31,1950 with the United States Treasury Department Internal Bevenue Service at the office of the District Director of Internal Bevenue at Detroit, Michigan, on behalf of Daniels Jewelers, Inc., 34 West Michigan Avenue, Battlecreek, Michigan, by Isaac Benwitt & Co., certified public accountants. Becomputation of income and excess profits tax due thereon was as follows:
Income Tax_$31,267. 64
Excess Profits Tax_ 5, 524.06
Total Tax Due_$36, 791. 70
7.On or about the 13th day of October, 1955, an Amended U.S. Corporation Income Tax Betum (Form 1120) and an Amended. Computation of U.S. Corporate Excess Profits Tax (Schedule EP, Form 1120), were filed for the calendar year ending December 31, 1951 with the United States Treasury Department Internal Bevenue Service at the office of the District Director of Internal Bevenue at Detroit, Michigan, on behalf of Daniels Jewelers, Inc., 34 West Michigan Avenue, Battlecreek, Michigan, by Isaac Benwitt & Co., *535 certified public accountants. Recomputation of income and excess profits tax due thereon was as follows:
Income Tax_$53, 098.38
Excess Profits Tax_ 7, 002. 85
Total Tax Due_$60,101.23
8.On or about the 13th day of October, 1955, an Amended U.S. Corporation Income Tax Return (Form 1120) and an Amended Computation of U.S. Corporate Excess Profits Tax (Schedule EP, Form 1120), were filed for the calendar year ending December 31, 1952 with the United States Treasury Department Internal Revenue Service at the office of the District Director of Internal Revenue at Detroit, Michigan, on behalf of Daniels Jewelers, Inc., 34 West Michigan Avenue, Battlecreek, Michigan, by Isaac Benwitt & Co., certified public acountants. Recomputation of income and excess profits tax due thereon was as follows:
Income Tax_$43,006.78
Excess Profits Tax_ 8,321.21
Total Tax Due_$51, 327.99
9.On or about the 13th day of October, 1955, an Amended U.S. Corporation Income Tax Return (Form 1120) and an Amended Computation of U.S. Corporate Excess Profits Tax (Schedule EP, Form 1120), were filed for the calendar year ending December 31, 1953 with the United States Treasury Department Internal Revenue Service at the office of the District Director of Internal Revenue at Detroit, Michigan, on behalf of Daniels Jewelers, Inc., 34 West Michigan Avenue, Battlecreek, Michigan, by Isaac Benwitt & Co., certified public accountants. Recomputation of income and excess profits tax due thereon was as follows:
Income Tax_$48, 446.18
Excess Profits Tax_ 3,688. 62
Total Tax Due_$52,134. 80
10.Each of the Amended Computation of U.S. Corporation Excess Profits Tax Returns (Schedule EP, Form 1120) for the years 1950 through 1953 includes an attached Schedule EP-1 (Excess Profits Net Income and Tax Computation) referred to at line No. 5 of Schedule EP, Form 1120, respectively, as follows:
*536 (a)Daniels Jewelers, Inc.
Amended Federal Corporation Excess Profits Tax Return
Schedule EP-1
Pursuant to election under Section 455
Net Income per Form 1120 (item 32, page 1)_ $85, 756.28
Unrealized Gross Profit — 12/31/49— $92, 732. 66
Unrealized Gross Profit — 12/31/50 112, 601. 06 19, 868.40
Net Income
(line 1, Schedule EP-1)_ $105, 624. 68
1951
(b)Daniels Jewelers, Inc.
Amended Federal Corporation Excess Profits Tax Return 1951
Schedule EP-1
Pursuant to election under Section 455
Net Income per Form 1120 (item 32 page 1)_ $115,464. 79
Unrealized Gross Profit — 12/31/50_$112, 601. 06
Unrealized Gross Profit — 12/31/51_ 105,944.62 6,656.44
Net Income
(line 1, Schedule EP-1)_ $108, 808.35
1952
(c)Daniels Jewelers, Inc.
Amended Federal Corporation Excess Profits Tax Return 1952
Schedule EP-1
Pursuant to election under Section 455
Net Income per Form 1120 (item 32 page 1)_ $93, 282.28
Unrealized Gross Profit — 12/31/51_$105,944. 62
Unrealized Gross Profit — 12/31/52 124,263.63 18,319.01
111, 601.29
Contributions disallowed on installment basis_ 97. 91
Net Income
(line 1 — Schedule EP-1)_ $111,503.38
1953
(d)Daniels Jewelers, Inc.
Amended Fed. Corp. Excess Profits Tax Return 1953
Schedule EP-1
Pursuant to election under Section 455
Net Income per Form 1120 (Item 32 page 1)_ $103, 742.65
Unrealized Gross Profit — 12/31/52 $124,263. 63
Unrealized Gross Profit — 12/31/53 121, 952.16 2,311. 47
Net Income
(line 1, Schedule EP-1)_ $101,431.18
*537 11. The refund claims for the years 1951, 1952 and 1953 referred to in paragraph 6 of plaintiff’s petition were filed in the office of the District Director of Internal Revenue, Detroit, Michigan, on or about October 12, 1955.
12. On November 28,1955, taxpayer received a statement of income tax due (Form 17a) for $831.97 reflecting a deficiency for 1950 of $649.97 plus interest of $182.00. On the 8th day of December, 1955, plaintiff paid the deficiency plus interest, pursuant to the said demand.
13. Plaintiff was advised of the denial of the claims for refund referred to in finding 11 herein for the years 1951, 1952 and 1953, by letter from Acting District Director of Internal Revenue, Detroit, Michigan, dated February 4, 1957.
14. Plaintiff received notice by registered mail dated October 1, 1957 from the District Director, Detroit, Michigan, of disallowance in full of the said claims.
15. The returns referred to in findings 1, 2, 3 and 4 did not contain or have attached thereto a statement mating reference or claiming a right to the election provided under Section 455 of the Internal Revenue Code of 1939, nor were any figures used on any of such returns which would reflect an election to accrue income.
CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is entitled to recover, with interest as provided by law, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38 (c).
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on November 4, 1960, that judgment for the plaintiff be entered for $24,117.78, plus interest thereon as provided by law.